**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
MARC BURTON,                                           :
on behalf of Plaintiff and a class,                    :
                                                       :
                        Plaintiff,                     :
                                                       :
        vs.                                            :
                                                       :
HILLCREST, DAVIDSON, AND                               :
ASSOCIATES, LLC,                                       :
                                                       :
                        Defendant.                     :
-------------------------------------------------------x
```

# COMPLAINT – CLASS ACTION

## INTRODUCTION

1.      Plaintiff Marc Burton brings this action to secure redress regarding unlawful collection practices engaged in by Defendant Hillcrest, Davidson, and Associates, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.      Plaintiff's private information was wrongfully disclosed by Defendant to an unauthorized third party, causing injury to Plaintiff which can be redressed by an award of damages.

4.      Personal jurisdiction and venue in this District are proper because Defendant's collection letter was received here.

## PARTIES

### Plaintiff

5.      Plaintiff Marc Burton is a natural person residing in Nassau County, New York.

**Defendant**

6. Defendant Hillcrest, Davidson, and Associates LLC is a limited liability company organized under the law of Texas with its principal office at 715 N. Glenville Dr., Ste. 450, Richardson, TX 75081.

7. Defendant Hillcrest, Davidson, and Associates, LLC is engaged in the sole or principal business of a collection agency, collecting consumer debts and using the mails and telephone system for that purpose.

8. Upon information and belief, almost all of Defendant Hillcrest, Davidson, and Associates, LLC's resources are devoted to debt collection.

9. Upon information and belief, almost all of Defendant Hillcrest, Davidson, and Associates, LLC's revenue is derived from debt collection.

10. Upon information and belief, almost all of Defendant Hillcrest, Davidson, and Associates, LLC's expenses are related to debt collection.

11. Defendant Hillcrest, Davidson, and Associates, LLC, states on its web site (http://www.hillcrestdavidson.com/vertical_markets.html#security) that it specializes in collecting residential security, multi-family housing (apartment), medical, and utility debts.

12. Defendant Hillcrest, Davidson, and Associates, LLC is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

**FACTUAL ALLEGATIONS**

13. This action arises out of Defendant's attempts to collect a debt incurred for personal, family or household purposes.

14. On or about December 11, 2020, Defendant Hillcrest, Davidson, and Associates,

LLC caused a letter vendor to send Plaintiff the letter in Exhibit A.

15. The letter bears markings that are characteristic of one generated by a letter vendor.

16. In order to have the letter vendor send Plaintiff the letter in Exhibit A, Defendant had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

17. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letters to Plaintiff.

18. The letter vendor was not furnished with, or failed to include, the name of the person to whom the debt was owed.

19. The letter offers several settlement proposals.

## COUNT I – FDCPA

20. Plaintiff incorporates paragraphs 1-19.

21. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

22. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

23. Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

24. Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

25. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b):

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

26. The letter vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

27. Due to Defendant's communication to this letter vendor, information about Plaintiff is within the possession of an unauthorized third-party.

28. If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

29. Defendant unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

30. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

31. Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

32. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

## CLASS ALLEGATIONS

33. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

34. The class consists of (a) all individuals in New York (b) with respect to whom Defendant had a letter prepared and sent by a letter vendor (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

35. Plaintiff may alter the class definition to conform to developments in the case and discovery.

36. On information and belief, based on the size of Defendant's business operations and the use of form letters, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

37. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

39. A class action is superior for the fair and efficient adjudication of this matter,

in that:

  a. Individual actions are not economically feasible.

  b. Members of the class are likely to be unaware of their rights;

  c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

  i. Statutory damages;

  ii. Attorney's fees, litigation expenses and costs of suit;

  iii. Such other and further relief as the Court deems proper.

## COUNT II – FDCPA

40. Plaintiff incorporates paragraphs 1-19.

41. Defendant violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) by sending a letter demanding payment and offering a settlement without stating the name of the creditor.

42. A consumer who responded to the letter by accepting or paying a settlement offer would have no assurance or documentation that the payment was properly applied. Even if the consumer assumed what the debt was based on prior dealings, or called and was told, an unsophisticated consumer may not realize the importance of documenting the settlement of a debt, that disputes about whether debts have been resolved are not uncommon, and that retaining a written document that identifies the creditor coupled with proof of payment is essential to avoid such problems.

## CLASS ALLEGATIONS

43. Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and

(b)(3).

44. The class consists of (a) all individuals (b) with respect to whom Defendant had a letter prepared and sent (c) which contained a settlement offer (d) but did not state the name of the person to whom the debt was allegedly owed, (e) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

45. Plaintiff may alter the class definition to conform to developments in the case and discovery.

46. On information and belief, based on the size of Defendant's business operations and the use of form letters, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

47. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

48. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

49. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

      i.    Statutory damages;

      ii.    Attorney's fees, litigation expenses and costs of suit;

      iii.    Such other and further relief as the Court deems proper.

*s/ Abraham Kleinman*
Abraham Kleinman

Abraham Kleinman
KLEINMAN LLC
626 RXR PLAZA
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

pro hac vice to be applied for:

Heather Kolbus
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*s/ Abraham Kleinman*
Abraham Kleinman

# **EXHIBIT A**

SFOF-56

# HILLCREST DAVIDSON
and associates

715 N Glenville Dr. #450 • Richardson, TX 75081 • Phone: 866.524.9866 • Fax: 972.346.6870 • www.hillcrestdavidson.com

********AUTO**MIXED AADC 75197 11 1962
MARC BURTON

**Regarding:** Current Creditor:
Current Due:

**Contact Us**
Address: 715 N Glenville Dr., Suite 450
Richardson, TX 75081
Phone: (866) 524-9866
Hours of Operation:
M-Th 9:00am-8:00pm
Fri. 8:00am-5:00pm

Original Account #: ▮5106
Hillcrest Davidson Account #:

December 11, 2020

Dear Marc Burton,

This letter is to advise you that your account is severely past due and that this office will take the necessary measures to collect this account.

If you would like to resolve your account voluntarily, we have been authorized to offer you or your legal representative three settlement options as follows:

1. 50% of the current balance or ▮ to be paid in 1 payment.
2. 60% of the current balance or ▮ to be paid in 2 consecutive monthly payments of ▮.
3. 70% of the current balance or ▮ to be paid in 3 consecutive monthly payments of ▮.

Upon completion of one of the settlement options above and clearance through the banking system, your account will be considered settled. This offer may not be renewed, and we are not obligated to renew this offer. This settlement option will expire 30 days from the date of this letter.

It is our goal to resolve this matter in a convenient manner. If you would like to clear this matter up, please take this opportunity to pay your account through one of the following payment options:

> Option 1: Pay securely and confidentially online at www.payhda.com. Note: In order to pay online, you will need to have your Hillcrest Davidson Account #, and either the last four digits of your SSN or your zip code.
>
> Option 2: Send your check or money order to the address listed above. Note: Please reference your Hillcrest Davidson Account # in the memo section of your check or money order.
>
> Option 3: Call us toll free at (866) 524-9866 to discuss payment options via check by phone, debit card or credit card.

This communication is from a debt collection agency, this is an attempt to collect a debt and any information obtained will be used for that purpose.

**TO ALL CONSUMERS – Notice about Electronic Check Conversion:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. Also, you authorize us to represent a check as an electronic fund transfer from your account if your payment is returned unpaid.

**Please be aware of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.**

**California:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They must not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have a reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**Colorado:**
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coag.gov/car. Hillcrest, Davidson and Associates Colorado office is located at 80 Garden Center, Suite 3, Building B, Broomfield, CO 80020. You may reach us by phone at (303) 920-4763.

**Massachusetts:**
NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALL REGARDING YOUR DEBT NOT TO BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

**New York City:**
Hillcrest, Davidson LLC is licensed by the City of New York, Department of Consumer Affairs, License # 1351792.

**Utah:**
As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**North Carolina:**
North Carolina Department of Insurance Permit #112307